UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SUSAN ELIZABETH MEAGHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01506 |
| ) | JUDGE CRENSHAW |
| DENISE ANDRE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The Plaintiff, proceeding *pro se*, is a resident of Birmingham, Alabama. She brings this action pursuant to 42 U.S.C. § 1983 against Denise Andre, a General Sessions Judge in Williamson County; Joseph Woodruff, a Circuit Court Judge in Williamson County; Jessica Borne, a former Williamson County prosecutor; and Nephtalay Feliciano, a Williamson County probation officer; seeking injunctive relief and damages.

In February, 2014, Judge Andre found the Plaintiff guilty of stalking. She granted the victim an Order of Protection and placed the Plaintiff on probation. In October of that year, Judge Woodruff denied the Plaintiff's appeal of the conviction.

Four months later, Plaintiff's probation officer, Feliciano, contacted her and told her to surrender herself at the Williamson County Jail for violating the terms of her probation. The Plaintiff complied with the probation officer's instructions. She alleges that she was later wrongly arrested for violating the Order of Protection and was forced to plead guilty.

The Plaintiff claims that, throughout these judicial proceedings, the defendants violated her constitutional rights.

Judges enjoy absolute immunity from monetary claims for actions taken within the scope of their jurisdiction. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). Likewise, prosecutors enjoy the same type of immunity for conduct within the scope of their prosecutorial duties, Imbler v. Pachtman, 424 U.S. 409, 430 (1976), as do probation officers whose actions are related to ensuring that the probationer complies with the terms of her probation. Loggins v. Franklin County, Ohio, 2007 WL 627861 (6th Cir.; 3/1/07); *see also* Demoran v. Witt, 781 F.2d 155, 157 (9th Cir. 1986)(finding absolute immunity for probation officers). Thus, the defendants are absolutely immune from any liability for damages.

The Plaintiff is also seeking injunctive relief in the form of vacating the Order of Protection, removing the defendants from their positions, and expunging any court costs that may be owed by the Plaintiff. The Court is in no position to order such relief. Therefore, the Plaintiff has failed to state a claim against these defendants for which relief can be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE